IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JONATHAN BALLEW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| | ) |
| CITY OF CHICAGO, | ) |
| JOHN DOE, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

NOW COMES Plaintiff, JONATHAN BALLEW, by and through his counsel, LOEVY & LOEVY, complaining of the Defendants CITY OF CHICAGO and unidentified Chicago Police officer JOHN DOE, to hold Defendants accountable for DOE's unjustified use of a chemical agent against Plaintiff, a credentialed journalist, while he reported at a recent protest in the wake of the murder of George Floyd, as fully documented on video taken by Plaintiff during Defendants' assault. In support, Plaintiff BALLEW alleges as follows:

### INTRODUCTION

1. Like many cities around the country, especially those with histories of police misconduct, protests erupted in Chicago in the wake of the murder of George Floyd in Minneapolis.

2. As explained in detail below, Plaintiff BALLEW, a credentialed member of the press, was assaulted with a chemical agent by Chicago Police officer DOE while he posed no threat to anyone, interfering with Plaintiff's ability to gather the news.

## PARTIES

3. Plaintiff JONATHAN BALLEW is an Illinois resident who lives in the City of Chicago. Plaintiff is a freelance journalist who works for local, national, and international news publications, such as *Block Club Chicago* and *The Daily Beast*. At all times relevant to this Complaint, Plaintiff was working on assignment as a contract journalist and carrying his Chicago Police Department-issued press credentials.

4. Defendant JOHN DOE is the currently unidentified Chicago Police officer who committed the acts set forth below as an agent of Defendant CITY OF CHICAGO. DOE engaged in the conduct complained of in the course and scope of employment and under color of law.

5. Defendant CITY OF CHICAGO ("City" or "Chicago") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Officer JOHN DOE.

## JURISDICTION AND VENUE

6. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331.

7. Venue is proper under 28 U.S.C. § 1391(b). Plaintiff resides in this judicial district and Defendant City of Chicago is a municipal corporation located here. Additionally, the events giving rise to the claims asserted herein occurred within this judicial district.

## FACTS

8. On May 30, 2020, around 2:00 P.M., protesters gathered at Federal Plaza, located in downtown Chicago.

9. At all times relevant in this Complaint, Plaintiff was present at the protest to observe, document, and report as a journalist.

10. At all times relevant in this Complaint, Plaintiff wore a yellow press badge around his neck and carried a press credential issued by CPD. Plaintiff repeatedly and loudly announced

his press status in the presence of CPD officers, including DOE, to ensure they knew he was a member of the press.

11. Plaintiff was openly recording the protest and the actions of the CPD officers. During all of the events described herein, Plaintiff stood at a comfortable distance from the CPD officers, including DOE, and posted no threat to the officers, and did not interfere or attempt to interfere with the officers' actions.

12. Around 4:00 P.M., many protestors moved out of Federal Plaza, marched northbound, and gathered in front of Trump Tower on the corner of Michigan and Wacker.

13. In an effort to disperse the crowd and restrict access to Trump Tower, CPD officers forced the crowd of protesters westbound.

14. Plaintiff followed the protestors and moved toward Trump Tower and the River North area as a member of the press to observe, record, report, and disseminate information about the continuing protest.

15. At or around 8:01 P.M., Plaintiff was on West Grand Avenue between State Street and Dearborn Street.

16. At that time, Plaintiff was recording events that were a matter of great public concern.

17. While Plaintiff was reporting, DOE assaulted him with a chemical agent believed to be pepper spray. A true and correct video recording of the assault is available at https://twitter.com/JCB_Journo/status/1266898345945169922.

18. Neither DOE nor any other police officer gave a warning that they were about to use a chemical agent on Plaintiff before it was used.

19. At the time the chemical agent was used on Plaintiff, he was a safe distance from CPD officers.

20. At the time the chemical agent was used on Plaintiff, he was retreating along with the crowd.

21. At the time the chemical agent was used on Plaintiff, he was clearly identified as a journalist.

22. At the time the chemical agent was used on Plaintiff, he posed no threat to anyone.

23. At the time the chemical agent was used on Plaintiff, he was not interfering with or obstructing any police actions.

24. Prior to the attack, Plaintiff had identified himself as press by lifting his press badge to DOE's line of sight in a clear and visible manner.

25. Plaintiff suffered immediate physical injury and pain, including but not limited to, difficulty in breathing, choking sensation, burning eyes, skin irritation, and blurred vision.

26. As a result of DOE's attack, Plaintiff was forced to step away from his reporting to tend to his injuries, depriving him of the opportunity to document the identity of the officer who attacked him and members of the protest and to otherwise observe, document, and report on official police activities at the public protest while they were using force against protesters.

27. Plaintiff suffered increased pain and suffering and loss of sleep that night and the following day, which interfered with his ability to conduct reporting for several hours during a critical time.

**COUNT I: EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION, 42 U.S.C. § 1983**

28. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

29. As described in the preceding paragraphs, the conduct of the Defendant DOE toward Plaintiff constituted excessive force in violation of the United States Constitution.

30. The misconduct described in this Count was objectively unreasonable and undertaken with willfulness and/or reckless indifference to the rights of others.

**COUNT II: FIRST AMENDMENT INTERFERENCE WITH FREE PRESS, 42 U.S.C. § 1983**

31. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

32. DOE was aware that Plaintiff was a member of the press when he attacked Plaintiff with a chemical agent.

33. As a result of DOE's use of a chemical agent, Plaintiff's ability to report on the protest was obstructed in violation the Free Press Clause of the First Amendment.

34. Furthermore, DOE's use of a chemical agent violated Plaintiff's First Amendment-protected right to gather, receive, record, and disseminate information about police officers' official actions in public, grounded in the Free Speech Clause of the First Amendment.

**COUNT III: FIRST AMENDMENT RETALIATION, 42 U.S.C. § 1983**

35. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

36. At the time of the attack, Plaintiff was engaged in the acts of observing and recording events of public interest, including public demonstration and conduct of law enforcement officers on duty in a public place, which are protected under the First Amendment of the Constitution.

37. Upon information and belief, DOE attacked Plaintiff with a chemical agent in retaliation for his First-Amendment-protected activity. DOE's actions would chill a person of ordinary firmness from continuing to engaged in protected activity.

38. In the manner described more fully above, DOE's actions were substantially motivated as a response to Plaintiff's constitutionally protected activity. DOE would not have attacked Plaintiff with pepper spray but for his protected activity.

### COUNT IV: INDEMNIFICATION

39. Each paragraph of this Complaint is incorporated as if restated fully herein.

40. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment.

41. Defendant DOE was an employee of the City of Chicago, acting at all relevant times within the scope of his employment in committing the misconduct described herein.

**WHEREFORE**, Plaintiff asks that the Court:

i. Declare that Defendants' conduct violated First and Fourth Amendments of the U.S. Constitution;

ii. Award Plaintiff damages compensating him for his injuries;

iii. Award punitive damages against Defendant DOE;

iv. Enjoin future interference with the press through the use of unjustified force;

v. Award attorneys' fees and costs;

vi. Award such other and further relief the Court deems equitable and just.

### JURY DEMAND

Plaintiff demands a trial by jury of all issues triable.

Dated: June 11, 2020

RESPECTFULLY SUBMITTED,
/s/ *Matthew Topic*

Attorneys for Plaintiff,
JONATHAN BALLEW

Matthew Topic
Theresa Kleinhaus
Joshua Burday
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
matt@loevy.com